Samuel C. Williams [SBN: 310420]
Samuel C. Williams, Attorney at Law, Inc.
1263 California Street
Redding, CA 96001
(530) 255-8171
FAX: (530) 255-8027
samuel.crispan.williams@gmail.com
Attorney for XAO THAO,
Plaintiff.

# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAO THAO,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>COUNTY OF SISKIYOU, and DOES 1 THROUGH 50,<br><br>　　　　Defendants. | No.:<br><br>Complaint for Deprivation of Equal Rights Under the Law [42 USCA 1981]; Denial of Fourth Amendment [42 USCA 1983]; Illegal Detention [42 USCA 1983]; Battery; Negligence; Trespass<br><br>DEMAND FOR JURY TRIAL |

**PRELIMINARY STATEMENT**

On August 16, 2022, Plaintiff, XAO THAO ("XAO"), observed approximately 10 Siskiyou County Sheriff's vehicles arriving near his home at 6350 Clark Road, Hornbrook, CA 96044. XAO and his wife walked down the hill to a vacant parcel (not owned by him) to have a look. Standing on the edge of the adjacent property, he observed the officers. The officers saw XAO standing watching. XAO walked back up the hill to his home, closing the gate behind him. Officers followed him, cut his fence down to gain access to his property, and attacked him from behind. The officers beat him severely causing a concussion and brain injuries that have long ranging effects upon his quality of life.

**PARTIES**

Defendant COUNTY OF SISKIYOU at all times material to the events complained of herein, was a municipal corporation within the State of California.

DOES 1 THROUGH 20, are the defendants whose identity are unknown to the plaintiff. Plaintiff will amend this complaint to allege these individuals as defendants once their identities are known to the plaintiff. DOE 1 is designated as the officer that physically attacked XAO. Doe 2 is designated as the officer supervising the raid. Other officers may have participated in the attack on XAO. All Sheriff Officer Does are sued in their official and individual capacity.

**JURISDICTION**

This court has jurisdiction under 28 U.S.C.S. § 1343 to hear the constitutional claims raised herein. This court also has supplemental jurisdiction over all additional claims in this complaint under 28 USCS § 1367 because they are so related to the claims in this action where this court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Plaintiff has complied with the California Government Tort Claim Act by making a claim against Siskiyou County on February 10, 2023. XAO's claim was rejected by Siskiyou County via mail on May 10, 2023.

**VENUE**

The claims alleged herein arose in Siskiyou County, State of California. Siskiyou County is within the Eastern District of California. Therefore, venue for this case properly lies in the United Stated District Court for the Eastern District of California pursuant to 28 USCS § 1390.

This court is the proper venue pursuant to 28 USCS 1391 (b)(1) because the Plaintiff is informed and believes that all defendants reside in Siskiyou County. Defendant Siskiyou County includes County entities including the Siskiyou County Sheriff's Office.

This court is the proper venue pursuant to 28 USCS § 1391 (b)(2) because all or a substantial part of the events or omissions giving rise to the claim occurred, and all of the property that is the subject of the action is situated within Siskiyou County.

**FACTUAL ALLEGATIONS**

On August 16, 2022, Plaintiff, Xao Thao, lived at 6350 Clark Road, Hornbrook, CA 96044, which is in the Klamath River Community Estates subdivision. He was 62 years old on the date of the incident.

At approximately 2 PM on August 16, 2022, Xao was at his house at 6350 Clark Road when he saw approximately 10 SCSO vehicles driving up. Due to the number of vehicles, Xao could not tell what the officers were doing, so he walked down the hill to a vacant parcel (not owned by him) to have a look. Standing on the edge of the adjacent property, he observed the officers. The officers saw him standing watching and started to come towards him. Seeing them coming, he started to walk back up the hill where his house and the parcel with living structures are located. He and his wife entered the second parcel (with the living structures), closed and locked the gate, and walked in as the deputies followed them and began yelling at them to stop. He looked back and saw the deputies cutting down his fence.

A deputy tackled XAO from behind. As he was being taken down to the ground, he thought for his safety and tried to move his hands to his pocket to take out his cellphone to record the interaction, but in the blur of going down to the ground he could not reach his pockets. Within moments, the officers had pinned him down. There was a foot on his head and another on his neck, pinning him to the ground. The officers quickly cuffed him behind the back.

Due to his position, he could not tell how many officers were on top of him. He was struggling to breathe, though, so he yelled out that he wasn't resisting, that the officers were hurting him, and pleaded for the officers to release him. After he began yelling, the officers pulled him up by the handcuffs. As they pulled him up, one of them kicked him hard in the ribs. Xao remembered this as "very painful," but could not recall if the officers struck him beyond this blow. He said that he spent around 40-50 seconds on the ground.

After XAO was handcuffed, the officers went after XAO's wife, Mai, who wasn't that far away. They grabbed her by the arm, punched her in the stomach, pulled her towards them, and then kneed her in the leg to force her to sit down.

Xao and Mai waited approximately four hours, cuffed up, on that area while the officers finished cutting the grow. The officers then came back and told them that they were going to take Xao and Mai into custody. The officers then took Xao and Mai to the Jail in Yreka, where they were booked into custody. While Xao was being processed, he started having a lot of chest and neck pain, could not swallow his own saliva, and started feeling like he couldn't breathe. He was not evaluated by a nurse or medically screened in any way during booking. He was fingerprinted, processed, and then released approximately four hours later, at around 10 PM. Mai was released the next hour; Xao waited for her.

Once Mai got out, Xao went straight to the emergency room because he was worried about his condition. At the hospital, Xao received x-rays and was told that he had bruising and a potential blood clot on/in his neck but no broken bones. The doctor told him that, due to the blood clot, he would be admitted and monitored for 24-48 hours. When we spoke to Xao, he had been there for around 16 hours and was quite worried about his health. He still felt a good deal of pain and soreness. He expected to be released the next day.

Xao does not know the identity of any of the officers who assaulted him or were involved in the raid. He remembered that one of the officers had the letter "J." on his vest. He remembered that the officer who tackled him to the ground had a shaved head and a black mustache, suspected to be SCSO Sergeant Richard Ortiz, who is part of the cannabis enforcement team. Another officer was blonde with a mustache and beard. All the officers were dressed in the same green, vest-like outfit.

Xao sought additional medical care in Sacramento, AT Elica Health Clinic, 155 15th Street, West Sacramento, CA 95691, (855) 354-2242, after visiting Fairfield Hospital in Yreka. Additional scans were performed that show that Xao suffered great bodily injury during the attack by Siskiyou County Deputies. Jeffrey Moy was the attending physician.

**CAUSES OF ACTION**

**Federal Constitution**

First Cause of Action
Violation of Equal Protection Clause –
(all defendants)

County of Siskiyou and Does 1 through 20 are at war with what they perceive as Hmong American organized crime led cannabis cultivation.

This court has jurisdiction over the plaintiff's claim pursuant to 42 U.S.C. 1983 because plaintiff claims a violation of his constitutional rights.  The instant claim is justiciable because the plaintiff suffered an unjustified attack resulting in great bodily injury. This damage gives him standing to assert an equal protection cause of action against the named defendants. The defendants infringed upon several of his fundamental right to be free of racial discrimination.

Defendants' actions also deprived the plaintiff of the right to privacy, which has been held to be a fundamental right since *Union Pacific R. Co. v. Botsford*, 141 U.S. 250 (1891).

Siskiyou County and its subordinate deputies imposed the challenged classification. Imposing the classification was pursuant to official's government duties and County Policies enacted by the County Board of Supervisors. A symbiotic relationship exists between the government and the private party, in which the government profits from the private discrimination, which also satisfies the government action requirement, *Burton v. Wilmington Pkg. Auth* (1961) 365 U.S. 715.

Siskiyou County implemented its classification against Hmong Americans through policies and procedures expressly designed to target citizens of a specific background. Siskiyou County's policies led deputies to act with malice and oppression toward Hmong American individuals.

Siskiyou County imposes a classification based upon race that makes it more likely for a Hmong American will be physically assaulted by Sheriff's deputies. XAO was denied equal protection and asks this court to award him damages according to proof for his injuries.

Second Cause of Action
Violation of Fourth Amendment
(all defendants)

When Siskiyou County Deputies unreasonably entered XAO's property, they acted without a warrant or an exception to the warrant requirement. Cutting XAO's fence was not justified or even

attempted to be justified. When officers tackled XAO and brutally beat him while he was on the ground, causing great bodily injury, those law enforcement officials used excessive force. Since the officers were there to serve a search warrant on nearby property, the incident occurred during the course of an investigation or other "seizure" of a free citizen. The excessive force used against XAO is properly analyzed under the Fourth Amendment's "objective reasonableness" standard.

Siskiyou County has a policy of seeking warrants on questionable information where the target of the warrant is Hmong American. Siskiyou County's policies led deputies to act with malice and oppression toward Hmong American individuals.

XAO suffered great bodily injury during the attack, meeting the requirement for damages.

### Third Cause of Action
### Illegal Detention
### (Against All Defendants)

When Officer's contacted XAO and detained him, they had no information about his identity. They had not observed him engaging in any illegal conduct. They detained him because he was Hmong American.

Siskiyou County has a policy of seeking warrants on questionable information where the target of the warrant is Hmong American. Siskiyou County's policies led deputies to act with malice and oppression toward Hmong American individuals.

The detention of XAO was not objectively reasonable under the Fourth Amendment. XAO was injured during the detention.

**State Torts**

### Fourth Cause of Action
### Battery
### (Against All Defendants)

When officer's tackled XAO, and crushed his head, they made physical contact with XAO. The acts of tackling and crushing XAO's head were intentional actions by the officers.

XAO did not want to be touched or injured by the officers. XAO was injured during the attack. But for the officer's actions, XAO would not have been injured.

Siskiyou County has a policy of pursuing Hmong Americans more aggressively than those of other racial backgrounds. Siskiyou County's policies led deputies to act with malice and oppression toward Hmong American individuals.

### Fifth Cause of Action
### Negligence
### (Against All Defendants)

Officers of the Siskiyou County Sheriff's Office have a duty to perform their job in a manner that safeguards individuals detained in their custody. When officers jumped XAO and crushed his head, those officers breached their duty to protect XAO from injury. When officer's crushed XAO's head, they caused XAO to suffer a concussion and a traumatic brain condition. But for the officers' actions, XAO's brain would be O.K. XAO's brain injury has diminished his quality of life. He had to move to Sacramento so that he could get help with daily activities that he was previously able to perform himself.

Siskiyou County has a policy of pursuing Hmong Americans more aggressively than those of other racial backgrounds. Siskiyou County's policies led deputies to act with malice and oppression toward Hmong American individuals.

### Seventh Cause of Action
### Trespass to Land
### (Against All Defendants)

When Siskiyou county deputies followed XAO to his home and cut the fence to obtain entry, they did not have a warrant or other legal justification for the entry onto the private property. Therefore, the deputies' entry onto the property of XAO's home was a trespass under California law.

Siskiyou County has a policy of pursuing Hmong Americans more aggressively than those of other racial backgrounds. Siskiyou County's policies led deputies to act with malice and oppression toward Hmong American individuals.

**Prayer**

Defendant prays that this court provide the following relief:

1. For special damages according to proof;
2. For general damages of $1,000,000;
3. For Punitive Damages according to proof;
4. For attorney's fees according to proof.

Date: November 6, 2023

/S/ Samuel C. Williams_____
Samuel C. Williams
Attorney for XAO THOA
Plaintiff.