**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
cfessenden@porterscott.com
John R. Whitefleet, SBN 213301
jwhitefleet@porterscott.com
2180 Harvard Street, Suite 500
Sacramento, California 95815
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant COUNTY OF SISKIYOU
*(Exempt from Filing Fees Pursuant to Government Code § 6103)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAO THAO, | Case No. 2:23-cv-02563-DJC-CKD |
| Plaintiffs, | **DEFENDANT COUNTY OF SISKIYOU'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT** |
| v. | |
| COUNTY OF SISKIYOU, and DOES 1, THROUGH 50, | |
| Defendants. | Complaint Filed: 11/06/2023 |
| _____/ | |

Defendant COUNTY OF SISKIYOU hereby submits the following Amended Answer to the Complaint filed by Plaintiff XAO THAO as follows:

**PRELIMINARY STATEMENT**

1. Answering the section identified as "Preliminary Statement" at p. 1:17-24, this answering Defendant lacks sufficient information or knowledge to enable it to answer the allegations contained in this paragraph, and basing his denial on this ground, generally and specifically denies all allegations contained in this paragraph.

///

///

1

**PARTIES**

2. Answering the section identified as "PARTIES" at p. 1:27-28, this answering Defendant admit.

3. Answering the section identified as "PARTIES" at p. 2:1-5, this answering Defendant lacks sufficient information or knowledge to enable it to answer the allegations contained in this paragraph, and basing its denial on this ground, generally and specifically denies all allegations contained in this paragraph.

**JURISDICTION**

4. Answering the section identified as "JURISDICTION" at p. 2:6-14, this answering Defendant contends said paragraph contain conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendant lacks sufficient information or knowledge to enable it to answer the allegations contained in this paragraph, and basing its denial on this ground, generally and specifically denies all allegations contained in this paragraph.

**VENUE**

5. Answering the section identified as "VENUE" at p. 2:15-24, this answering Defendant contends said paragraph contain conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendant lacks sufficient information or knowledge to enable it to answer the allegations contained in this paragraph, and basing its denial on this ground, generally and specifically denies all allegations contained in this paragraph.

**FACTUAL ALLEGATIONS**

6. Answering the section identified as "FACTUAL ALLEGATIONS" at p. 3:1-27, this answering Defendant lacks sufficient information or knowledge to enable it to answer the allegations contained in these paragraphs, and basing its denial on this ground, generally and specifically denies all allegations contained in these paragraphs.

7. Answering the section identified as "FACTUAL ALLEGATIONS" at p. 4:1-23, this answering Defendant lacks sufficient information or knowledge to enable it to answer the allegations contained in these paragraphs, and basing its denial on this ground, generally and specifically denies all allegations contained in these paragraphs.

# CAUSES OF ACTION

## Federal Constitution

8. Answering the section identified as "CAUSES OF ACTION Federal Constitution" at p. 5:2-22, this answering Defendant lacks sufficient information or knowledge to enable it to answer the allegations contained in these paragraphs, and basing its denial on this ground, generally and specifically denies all allegations contained in these paragraphs.

### Second Cause of Action
### Violation of Fourth Amendment
### (all defendants)

9. Answering the section identified as "Second Cause of Action Violation of Fourth Amendment" at p. 5:24-p.6:9, this answering Defendant lacks sufficient information or knowledge to enable it to answer the allegations contained in these paragraphs, and basing its denial on this ground, generally and specifically denies all allegations contained in these paragraphs.

### Third Cause of action
### Illegal Detention
### (Against All Defendants)

10. Answering the section identified as "Third Cause of action Illegal Detention" at p. 6:10-20, this answering Defendant lacks sufficient information or knowledge to enable it to answer the allegations contained in these paragraphs, and basing its denial on this ground, generally and specifically denies all allegations contained in these paragraphs.

## State Torts
### Fourth Cause of action
### Battery
### (against all defendants)

11. Answering the section identified as "Fourth Cause of action Batter" at p. 6:21-7:3, this answering Defendant lacks sufficient information or knowledge to enable it to answer the allegations contained in these paragraphs, and basing its denial on this ground, generally and specifically denies all allegations contained in these paragraphs.

///

///

Fifth Cause of action
Negligence
(against all defendants)

12. Answering the section identified as "Fifth Cause of action Negligence" at p. 7:4-16, this answering Defendant lacks sufficient information or knowledge to enable it to answer the allegations contained in these paragraphs, and basing its denial on this ground, generally and specifically denies all allegations contained in these paragraphs.

Seventh [SIC] Cause of action
Trespass to Land
(Against all defendants)

13. Answering the section identified as "Seventh[1] Cause of action Trespass to Land" [SIC] at p. 5:2-22, this answering Defendant lacks sufficient information or knowledge to enable it to answer the allegations contained in these paragraphs, and basing its denial on this ground, generally and specifically denies all allegations contained in these paragraphs.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

Based on information and belief, at all times mentioned in the Complaint, any individual employee of Defendant was acting in good faith and is entitled to qualified immunity for the claims asserted pursuant to 42 U.S.C section 1983, which inures to the benefit of the entity.

SECOND AFFIRMATIVE DEFENSE

Based on information and belief, Defendant alleges that Plaintiff had a duty to exercise due care but failed to do so by which Defendant allege that Plaintiff was himself guilty of comparative negligence or fault due to his failures.

THIRD AFFIRMATIVE DEFENSE

As to each state law claim for relief, Defendant allege, based on information and belief, that all acts and omissions alleged in the Complaint fall within the immunities and defenses and all rights granted by virtue of provisions of the California Government Code sections 815, 815.2, 820.4, 820.8. and 821.8.

---

[1] Plaintiff omits a "sixth" cause of action.

4

FOURTH AFFIRMATIVE DEFENSE

Damages for non-economic losses cannot exceed the amount specified in Civil Code section 3333.2.

FIFTH AFFIRMATIVE DEFENSE

Based on information and belief, Defendant alleges Plaintiff failed to exercise reasonable diligence so as to mitigate the damages, if any, alleged in the Complaint and the resultant damages, if any, were directly and proximately caused by the failure, neglect, and refusal of Plaintiff to exercise reasonable diligence and effort to mitigate the damages alleged.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff freely and voluntarily assumed the risk of injury and damage alleged in this action with full knowledge and appreciation of the magnitude thereof.

SEVENTH AFFIRMATIVE DEFENSE

Based on information and belief, Defendant alleges Plaintiff wrongfully, unlawfully and maliciously made and threatened an assault and battery upon others and provoked the alleged affray, and individual Defendant used no more than reasonable and necessary force in defense of himself, his person, others, or property.

EIGHTH AFFIRMATIVE DEFENSE

As to each state law claim for relief, Plaintiff' claims, and each of him, are barred by the provisions of California Penal Code section 834a.

NINTH AFFIRMATIVE DEFENSE

As to all state law claims for relief, based on information and belief, Plaintiff failed to comply with the requirements of California Government Code section 900 et seq., i.e. the California Government Tort Claims Act.

TENTH AFFIRMATIVE DEFENSE

As to all state law claims for relief, based on information and belief, Defendant alleges that Plaintiff's Complaint is barred by the doctrine of unclean hands.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief, and each of them, against Defendants are barred by the doctrine set

forth in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) and its progeny.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff's action be dismissed;

2. That Plaintiff take nothing by way of his Complaint;

3. That Defendant be awarded its costs of suit, including attorney's fees; and

4. For such other relief as the Court deems proper.

Dated:  January 17, 2024              PORTER SCOTT
                                      A PROFESSIONAL CORPORATION

                                      By <u>/s/ John R. Whitefleet</u>
                                            Carl L. Fessenden
                                            John R. Whitefleet
                                            Attorneys for Defendant

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury in the above-entitled action as provided by the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

Dated:  January 17, 2024              PORTER SCOTT
                                      A PROFESSIONAL CORPORATION

                                      By <u>/s/ John R. Whitefleet</u>
                                            Carl L. Fessenden
                                            John R. Whitefleet
                                            Attorneys for Defendant