**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN 213301
jwhitefleet@porterscott.com
Zachary J. Ayre, SBN 356392
zayre@porterscott.com
2180 Harvard Street, Suite 500
Sacramento, California 95815
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant COUNTY OF SISKIYOU
*(Exempt from Filing Fees Pursuant to Government Code § 6103)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

XAO THAO,

               Plaintiffs,

v.

COUNTY OF SISKIYOU, and DOES 1, THROUGH 50,

               Defendants.

_____/

Case No.  2:23-cv-02563-DJC-CKD

**DEFENDANT COUNTY OF SISKIYOU'S MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Date: September 18, 2025
Time: 1:30 P.M.
Courtroom: 7, 14th Floor

Complaint Filed:  11/06/2023

    Defendant COUNTY OF SISKIYOU[1] hereby moves for summary judgment and submits the following Memorandum of Points and Authorities in support.

## I. INTRODUCTION

    Notwithstanding the allegations of the complaint, this case arises from the execution of two search warrants for marijuana at real properties that Plaintiff Xao Thao ("Plaintiff") did not own or live on.  Plaintiff was present during the execution of warrants, and fled law enforcement who gave chase and detained him, during which Plaintiff claims excessive force was used.  Insofar as the only Defendant is the County, Plaintiff asserts Monell-type claims pursuant to 42 U.S.C. section 1983 for violation of

---

[1] No individual defendants were ever named/added. This case proceeds only as against the County.

his Fourth Amendment and Fourteenth Equal Protection rights arising from the entry/search of the properties, his detainment, and force used same, as well as state law claims for negligence, battery and trespass.

Defendant County submits that the undisputed facts establish that Plaintiff either cannot establish an underlying violation, or he cannot prove any of the elements under Monell.  As to all state law claims, the County is immune from liability under California Government Code section 815.  Accordingly, summary judgment should be granted and this case dismissed.

## II.    FACTS

On July 25, 2022, Sergeant Sam Kubowitz ("Sgt. Kubowitz"), part of the Sheriff Department's Marijuana Eradication Team, conducted aerial surveillance in the area of Klamath River Country Estates, and took several photos of greenhouses, plants, and noting the GPS location of the properties for later reference.  (Joint Undisputed Material Facts "JUMF" No. 1; See also search warrants, Exhibits A and B to Request for Judicial Notice "RJN").

On August 10, 2022, Sgt. Kubowitz reviewed the photos and identified hundreds of marijuana plants being cultivated.  Using Parcel Quest, Sgt. Kubowitz identified one property as APN 104-320-100, and the other as APN: 104-320-090. (JUMF Nos. 2, 3).  On August 10, 2022, search warrants for real properties APN: 104-320-090 and 104-20-100, were obtained.  (JUMF No. 4; Request for Judicial Notice). On August 16, 2022, the search warrants were executed on both properties. (JUMF No. 5)  Plaintiff was present during the execution of the warrants.  (JUMF No. 10).

At the time of the execution of the search warrants, Plaintiff did not own or live at either property.  (JUMF Nos. 6 and 7) Contrary to the allegations, Plaintiff did not live at 6350 Clark Road, Hornbrook, CA 96044.  (JUMF No. 8) At the time of the execution of the warrants, Plaintiff did not have any interest in the properties, including any privacy interest. (JUMF No. 9).  Plaintiff was taken into custody outside on one of the properties that the warrants were being executed. (JUMF No. 11)

Plaintiff was cultivating marijuana on at least on one the Properties to be searched.  (Defendants' Additional Undisputed Material Facts ("DAUMF"), No. 12).  During the execution of the warrants, Plaintiff attempted to flee from law enforcement, disobeying an order to stop.  (DAUMF No. 13.). On that day, and prior to being physically detained, Plaintiff had a knife in his possession.  (DAUMF No.

**DEFENDANT COUNTY OF SISKIYOU'S MOTION FOR SUMMARY JUDGEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
4860-2158-3259, v. 1

14).   Prior to being physically detained, Plaintiff attempted to climb over a fence.   (DAUMF 15). Plaintiff resisted being physically detained by law enforcement.  (DAUMF 16).

For the time frame at issue, the Siskiyou Sheriff's Department adopted Policy No. 300, which sets forth that force use be reasonable under the circumstances. (DAUMF 17). For the time frame at issue, the Siskiyou Sheriff's Department adopted Policy No. 312, which sets forth that valid warrants are required for a search.  (DAUMF 18). For the time frame at issue, the Siskiyou Sheriff's Department adopted Policy No. 401, which sets forth that bias-based policing – defined as an inappropriate reliance on actual or perceived characteristics such as race, ethnicity, national origin, religion, sex, sexual orientation, gender identity or expression, economic status, age, cultural group, disability, or affiliation with any non-criminal group (protected characteristics) as the basis for providing differing law enforcement service or enforcement – is strictly prohibited.  (DAUMF No 19)

Plaintiff was not aware of any other property owners in Siskiyou County that are Hmong that were growing marijuana and had search warrants executed on the property.  (DAUMF 20)

### III.   STANDARD

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the material facts before the court. *Northwest Motorcycle Ass'n v. U.S. Dept. of Agriculture*, 18 F.3d 1468, 1471 (9th Cir. 1994). The moving party is entitled to summary judgment when, viewing the evidence and the inferences arising therefrom in the light most favorable to the nonmoving party, there are no genuine issues of material fact in dispute. Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 252 (1986). While the moving party does not have to disprove matters on which the opponent will bear the burden of proof at trial, they nonetheless bear the burden of producing evidence that negates an essential element of the opposing party's claim and the ultimate burden of persuading the court that no genuine issue of material fact exists. *Nissan Fire & Marine Ins. Co. v. Fritz Companies*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the nonmoving party has the burden of proof at trial, the moving party need only point out that there is an absence of evidence to support the nonmoving party's case. *Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir. 2001).

Once the moving party has carried its burden, the opponent must do more than simply show there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio*

**DEFENDANT COUNTY OF SISKIYOU'S MOTION FOR SUMMARY JUDGEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
4860-2158-3259, v. 1

*Corp.*, 475 U.S. 574, 586 (1986). Rather, the opposing party must come forward with specific facts showing that there is a genuine issue for trial. Id.

## IV.    ARGUMENT

### A.    Plaintiff Does not Allege Cognizable Monell Claims

"A municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue. Respondeat superior or vicarious liability will not attach under § 1983." City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989). To establish a claim under *Monell v. Department of Social Services of City of New York,* 436 U.S. 658 (1978), a plaintiff must prove "(1) that the plaintiff possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).

Allegations of *Monell* liability must: (1) identify the challenged policy/custom; (2) explain how the policy/custom is deficient; (3) explain how the policy/custom caused the plaintiff harm; and (4) reflect how the policy/custom amounted to deliberate indifference, i.e. show how the deficiency involved was obvious and the constitutional injury was likely to occur." *Koistra v. County of San Diego*, 2017 WL 6344819, *4 (S.D. Cal. Dec. 1, 2017) (citations omitted).

For Plaintiff to establish a policy amounting to deliberate indifference to his constitutional rights, he must first identify the challenged policy.  The Complaint of Plaintiff arguably fails to do so, particularly in terms of entry onto the property, detentions and uses of force in the second and third "causes of action".   In his first cause of action for Equal Protection violation, Plaintiff vaguely alleges "Siskiyou County implemented its classification against Hmong Americans through policies and procedures expressly designed to target citizens of a specific background" (p. 5: 17-20, ECF No. 1) which has failed to allege any policy of enforcing criminal statutes in an indiscriminate matter by the Sheriff's Department.  While he also alleges there is a "classification based upon race that makes it more likely for a Hmong American will be physically assaulted by Sheriff's deputies," (p.5:20-22, ECF No. 1), such is also not sufficient to state a policy.   In his second and third cause of action, Plaintiff also makes conclusory allegations about warrants: that "Siskiyou County has a policy of seeking warrants on

**DEFENDANT COUNTY OF SISKIYOU'S MOTION FOR SUMMARY JUDGEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

4860-2158-3259, v. 1

questionable information where the target of the warrant is Hmong American" (Complaint, p. 6:6-7, 15-16), but this case is not about the sufficiency of the search warrants. Moreover, the allegation does not read like an express official policy of the Sheriff's Office, but rather an attempt to make insufficient conclusions of a custom or practice.

In that regard, to the extent Plaintiff attempted to rely on such a theory - an unlawful policy in the form of a custom or practice - his allegations are insufficient to make this showing. "Absent a formal government policy, [a plaintiff] must show a longstanding practice or custom which constitutes the standard operating procedure of the local government entity . . . so persistent and widespread that it constitutes a permanent and well settled . . . policy." *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (internal quotation marks and citations omitted). Thus, a single incident will typically not suffice to demonstrate existence of a policy. *McDade*, 223 F.3d at 1141.

Here, Plaintiff's claim appears to arise from the one alleged incident that occurred on August 16, 2022. He alleges no facts to suggest this claim is predicated on anything more than that one incident. These allegations are too deficient to allege an unlawful custom or practice. *See Trevino*, 99 F.3d at 918 ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."). Other courts have found similar allegations to be insufficient to state a *Monell* claim. See *Carlos Williams v. County of Sacramento, et al.*, 2:19-cv-02345-TLN-KJN (ECF No. 26 at 6-7). On these bases, the motion should be granted and this case dismissed.

**B.    The Official Policies of the Siskiyou County Sheriff's Office Were Constitutional and Not the Moving Force Behind the Alleged Constitutional Violations**

To the extent this court finds Plaintiff has sufficiently pled his *Monell* claims, the claims still fail as a matter of law insofar as it is predicated on the Sheriff's Office's official policies, even assuming underlying constitutional violations.[2] While the contours of Plaintiff's *Monell* claims are imprecise, he could be challenging the Sheriff's Office's official policies regarding search warrants, detentions and the use of force. Defendants respectfully submit Plaintiff has no evidence to establish the Sheriff's Office's official policies in these domains were unconstitutional or were the moving force behind any alleged

---

[2] Defendant argues infra that Plaintiff cannot prove an underlying constitutional violation for each of the claims, but notes that analytically is not necessary to determine Plaintiff cannot prove the remaining elements of a Monell claim.

**DEFENDANT COUNTY OF SISKIYOU'S MOTION FOR SUMMARY JUDGEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
4860-2158-3259, v. 1

constitutional violation.

The undisputed evidence establishes that Sheriff's Office had a formal policy regarding searches, detentions, use of force at the time of this incident, and restricted using race etc as a basis for policing. Specifically, for the time frame at issue, the Siskiyou Sheriff's Department adopted Policy No. 300, which sets forth that force use be reasonable under the circumstances, considering the totality of the circumstances. The policy contains various factors deputies must weigh and evaluate when deciding the appropriate level of force to employ. The language in this policy closely tracked the reasonableness standard courts use when evaluating an officer's use of force, as articulated by the U.S. Supreme Court in *Graham v. Connor*, 490 U.S. 386 (1989). Likewise, for the time frame at issue, the Siskiyou Sheriff's Department also adopted Policy No. 312, which sets forth that valid warrants are required for a search; lastly, for the time frame at issue, the Siskiyou Sheriff's Department adopted Policy No. 401, which sets forth that bias-based policing – defined as an inappropriate reliance on actual or perceived characteristics such as race, ethnicity, national origin, religion, sex, sexual orientation, gender identity or expression, economic status, age, cultural group, disability, or affiliation with any non-criminal group (protected characteristics) as the basis for providing differing law enforcement service or enforcement – is strictly prohibited.

These express policies establish that there are constitutional provisions in place, such that these policies could not be the moving force behind any claimed violation. Therefore, Plaintiff cannot prove that any Sheriff's Department policy was the moving force behind any Fourth or Fourteenth Amendment violation, and Plaintiff has no evidence of a custom and practice on these issues. Accordingly, summary judgment should be granted and this case dismissed.

**C.**    **Plaintiff cannot prove an underlying violation of the Equal Protection Clause[3]**

Although not necessary to adjudicate this motion, Defendant also submits that Plaintiff cannot prove his underlying constitutional violation to support his Monell claims in the first instance.

---

[3] Defendant notes that while Plaintiff includes 42 U.S.C. section 1981 in the caption, that statute involves racial discrimination in the making or enforcing contracts. *Comcast Corp. v. National Ass'n of African American-Owned Media*, 140 S. Ct. 1009 (2020). Here, Plaintiff has not asserted any facts suggesting racial animus or discrimination related to contract rights, and thus section 1981 is not properly asserted.

**DEFENDANT COUNTY OF SISKIYOU'S MOTION FOR SUMMARY JUDGEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
4860-2158-3259, v. 1

To prove a claim for equal protection, a plaintiff must prove either that a defendant intentionally discriminated against the plaintiff based on his membership in a protected class or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. *Lee v. City of Los Angeles*, 250 F.3d 668, 686-87 (9th Cir. 2001).

Here, there is no evidence any employee of the County intentionally discriminated against Plaintiff because of his being Hmong. The real property was initially identified by aerial surveillance for marijuana grows, before any ownership of the property was even known. In addition, the search warrants do not even mention suspected race or ethnicity, or organized crime, as opposed to simple crimes based on the unlawful cultivation of marijuana. Otherwise, enforcing criminal laws against marijuana cultivation is clearly a legitimate purpose. In terms of similarly situated individuals, Plaintiff invoked the Fifth Amendment in terms of identifying anyone:

> Q:   Are you aware of any other property owners in Siskiyou County that are Hmong that were growing marijuana and had search warrants executed on the property?
> A:   I plead the Fifth Amendment.
> Q:   Are you aware of any other Hmong individuals that have been subjected to excessive force during arrest?
> A:   I don't know, but I've heard of it.
> Q:   What have you heard?
> A:   I've heard that they came and took the Hmongs, you know, the Hmong or the people who had marijuana, cut their marijuana and arrest them.
> Q:   And do you have any names or property addresses that those things occurred?
> A:   I've only heard, I don't know.
> Q:   Do you have any names of any other Hmong property owners or individuals who were arrested arising out of growing marijuana?
> A:   I plead the Fifth Amendment.

Deposition of Plaintiff, p.25:12-26:4, Exhibit A to Declaration of John R. Whitefleet

Trial courts generally will not permit a party to invoke the privilege against self-incrimination with respect to deposition questions and then later testify about the same subject matter at trial. *Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 910 (9th Cir. 2008) citing *FTC v. Sharp,* 782 F.Supp. 1445, 1452 (D.Nev.1991). The Federal Rules of Civil Procedure "contemplate ... 'full and equal discovery' ... so as to prevent surprise, prejudice and perjury" during trial. *Id.* "[B]ecause the privilege may be initially invoked and later waived at a time when an adverse party can no longer secure the

**DEFENDANT COUNTY OF SISKIYOU'S MOTION FOR SUMMARY JUDGEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
4860-2158-3259, v. 1

benefits of discovery, the potential for exploitation is apparent." *SEC v. Graystone Nash, Inc.,* 25 F.3d 187, 190 (3d Cir.1994). The rights of the other litigant must be taken into consideration "when one party invokes the Fifth Amendment during discovery, but on the eve of trial changes his mind and decides to waive the privilege. At that stage, the adverse party—having conducted discovery and prepared the case without the benefit of knowing the content of the privileged matter—would be placed at a disadvantage." *Id.* at 191; see also *Gutierrez–Rodriguez v. Cartagena,* 882 F.2d 553, 577 (1st Cir.1989) ("A defendant may not use the fifth amendment to shield herself from the opposition's inquiries during discovery only to impale her accusers with surprise testimony at trial.").

Based thereon, Defendant is entitled to an adverse inferences against Plaintiff for the refusal to testify by invoking the Fifth Amendment in a civil setting. See e.g. *Baxter v. Palmigiano,* 425 U.S. 308, 318, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976). When a party asserts the privilege against self-incrimination in a civil case, the district court has discretion to draw an adverse inference from such assertion. *Nationwide Life Ins. Co.*, 541 F.3d at 911.  Moreover, the district court need not go through every question and examine every invocation, but may treat the a round of questioning as a single instance of his invoking the privilege, as opposed to hundreds of instances.  *S.E.C. v. Jasper*, 678 F.3d 1116, 1125 (9th Cir. 2012) (applying adverse inference to bulk of questioning); See also *Fed. Trade Comm'n v. AMG Servs., Inc.*, 558 F. Supp. 3d 946, 963, n8 (D. Nev. 2021) *(*drawing an adverse inference against a party for his repeated invocation of his Fifth Amendment privilege during his deposition in adjudicating summary judgment) citing *Jasper*, 678 F.3d at 1126–27.

Here, Plaintiff invoked the Fifth Amendment approximately sixty (60) times during his deposition.  (See Exibit A to Declaration of John R. Whitefleet.)  In terms of the Equal Protection claim, Defendant is entitled to an adverse inference that Plaintiff has no information about other similarly situated individuals to support his claim, even based on the above exchange.   For this additional reason, Plaintiff cannot prove an underlying violation of any Equal Protection violation to support his Monell claim.

/ / /

/ / /

/ / /

1

**D.    Plaintiff cannot prove an underlying violation of the Fourth Amendment arising from the**

2

**entry onto the real property**

3

There was a search warrant to enter and search two properties.   Insofar as Plaintiff does not

4

challenge the underlying warrants themselves, which are presumed valid as per *Franks v. Delaware*, 438

5

U.S. 154, 171 (1978), the search warrants authorize entry onto the property to conduct searches.

6

*Michigan v. Tyler*, 436 U.S. 499, 504-07 (1978).  Insofar as warrants were obtained to search the real

7

properties upon which Plaintiff was located and present, there can be no Fourth Amendment violation

8

irrespective of whether Plaintiff had a privacy interest in the property to be searched.     For this

9

additional reason, Plaintiff cannot prove an underlying violation to support his Monell claim.

10

**E.    Damage to the real property is not actionable for lack of standing**

11

Plaintiff has no standing to seek damage to the real property as he has no ownership of the

12

property.   To establish the "irreducible minimum" of Article III standing, plaintiff must demonstrate the

13

following three elements: (1) injury-in-fact; (2) causal connection; and (3) redressability. *Barnum*

14

*Timber Co. v. U.S. EPA*, 633 F.3d 894, 897-98 (9th Cir. 2011). To show injury-in-fact, plaintiff must

15

prove "`concrete and particularized' and `actual or imminent' harm to a legally protected interest." *Id*.

16

Here, because Plaintiff did not own the real property at issue, he has no protected interest in any

17

damage to the fence.  (Complaint, p.5:27-6:1).   For this additional reason, Plaintiff cannot prove an

18

underlying violation to support his Monell claim.

19

**F.    Plaintiff cannot prove a Claim for Unlawful Detention under the Fourth Amendment**

20

Plaintiff alleges his detention under the Fourth Amendment was unlawful.  However, the law is

21

unequivocal: it is clearly established that law enforcement may detain an individual, and may even use

22

handcuffs to do so, to allow the completion of a lawful search warrant. *Muehler v. Mena*, 544 U.S. 93,

23

99 (2005) (upholding the handcuffing and detention of occupants during the search of a home and noting

24

that "[a]n officer's authority to detain incident to a search is categorical."); *Michigan v. Summers*, 452

25

U.S. 692, 704-05 (1981) ("If the evidence that a citizen's residence is harboring contraband is sufficient

26

to persuade a judicial officer that an invasion of privacy is justified, it is constitutionally reasonable to

27

require that citizen to remain while officers of the law execute a valid warrant to search his home.");

28

*Ganwich v. Knapp*, 319 F.3d 1115, 1120 (9th Cir.2003) (concluding that it was reasonable to detain a

**DEFENDANT COUNTY OF SISKIYOU'S MOTION FOR SUMMARY JUDGEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

business's employees while officers searched the business's premises pursuant to a warrant).

Here, it is undisputed Plaintiff was detained during the execution of search warrants, which according to the above authorities does not offend the Fourth Amendment.    Accordingly, Plaintiff cannot prove a violation of the Fourth Amendment arising from his detention.

**G.**    **Plaintiff cannot prove an underlying violation of the Fourth Amendment for excessive force**

Defendant submits that either Plaintiff invoked the Fifth Amendment about who purportedly used any force (Plaintiff's deposition, pp. 20:4-22; 21:6-17; 23:21-24:4), or admitted by way of failing to Requests for Admissions that he was aware there was law enforcement, he ran with a knife, and resisted being taken into custody.    Because Plaintiff failed to respond to defendant's requests for admissions, the matters are properly deemed admitted pursuant to Fed.R.Civ.P. 36(a) and, in the absence of any disputed issues of material fact, this court may properly granted summary judgment. *See Ocasio v. Las Vegas Metro. Police Dep't*, 10 F. App'x 471, 472 (9th Cir. 2001) citing *O'Campo v. Hardisty,* 262 F.2d 621, 623–24 (9th Cir.1958) (affirming summary judgment based on unanswered requests for admissions).

**H.**    **The County is immune for all state law claims**

Plaintiff asserts negligence, battery and trespass against the County in his fourth fifth and seventh[4] causes of action.    However, public entities such as the County are immune from common law claims. *Miklosy v. Regents of University of California* (2008) 44 Cal.4th 876, 899 ["our own decisions confirm that section 815 abolishes common law tort liability for public entities"].)

California Government Code section 815 bars liability for any public entity or employee for injuries caused by their act or omissions, unless otherwise provided by statute. "This section abolishes all common law or judicially declared forms of liability for public entities, except for such liability as may be required by the state or federal constitution..." (*Id*.) The law's clear purpose was not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability to rigidly delineated circumstances. (*Id*. at 428.).    Accordingly, all state law claims against the County should be dismissed and summary judgment granted.

/ / /

---

[4] The Complaint omits a sixth cause of action.

**DEFENDANT COUNTY OF SISKIYOU'S MOTION FOR SUMMARY JUDGEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
4860-2158-3259, v. 1

Dated:  July 25, 2025                    PORTER SCOTT
                                         A PROFESSIONAL CORPORATION

                                         By /s/ John R. Whitefleet
                                               John R. Whitefleet
                                               Zachary J. Ayre
                                               Attorneys for Defendant

**DEFENDANT COUNTY OF SISKIYOU'S MOTION FOR SUMMARY JUDGEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
4860-2158-3259, v. 1